UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KAILAH CARTER-SAPP, as
Administrator of the Estate of Jeffrey
Sapp, Deceased,

        Plaintiff,

    v.

CORRECTION OFFICER HUPKOWITZ,
et al.,

        Defendants.
_____

20-CV-1889-LJV-MJR
DECISION & ORDER

On December 21, 2020, the plaintiff, Kailah Carter-Sapp, as the administrator of the estate of her father, Jeffrey Sapp, filed this action under 42 U.S.C. § 1983. Docket Item 1. Carter-Sapp alleged that the defendants' deliberate indifference led to Sapp's wrongful death while he was detained at the Wyoming Correctional Facility. *See id.* at ¶¶ 48-55. The complaint named as defendants six current and former employees of the Wyoming Correctional Facility: "Correction Officer Hupkowitz," "Correction Officer Feldman," "Watch Commander Kibler," "[Superintendent] Thomas J. Sticht," "[Facility Health Services Director] John Doe 1," and "Former Correction Officer William Fannan." *Id.* at 1.

On January 27, 2025, the parties filed a stipulation of settlement and dismissal of all claims in this case. Docket Item 56. This Court then issued a text order, noting that it was required to approve the settlement under Local Rule of Civil Procedure 41(a)(2) and ordering the parties to jointly move for approval of the settlement. Docket Item 57.

On February 7, 2025, the parties so moved, Docket Item 58, and for the reasons that follow, this Court grants that motion.

## **LEGAL PRINCIPLES**

"Wrongful death claims are one of the few types of civil lawsuits [in New York State] that require court approval for resolution by settlement." *In re Seventh Jud. Dist. Asbestos Litig.*, 4 Misc. 3d 457, 460, 778 N.Y.S.2d 867, 869 (Sup. Ct. Monroe Cnty. 2004). Under New York's Estates, Powers and Trusts Law, courts are required to "either disapprove . . . or approve in writing a compromise" in "an action for wrongful act, neglect[,] or default causing the death of a decedent." N.Y. Est. Powers & Trusts § 5-4.6(a). Both state and federal courts have jurisdiction to approve settlements under this section. *Leslie v. Met Pro Techs., LLC*, 2019 WL 5783534, at *2 (N.D.N.Y. Mar. 1, 2019) (noting that federal district courts have "concurrent jurisdiction" to approve settlements under section 5-4.6(a)), *report and recommendation adopted*, 2019 WL 5783518 (N.D.N.Y. Mar. 26, 2019); *In re Est. of Haag*, 55 Misc. 3d 324, 332, 43 N.Y.S.3d 870, 878 (Sur. Ct. Broome Cnty. 2016).

The Local Rules of Civil Procedure for this Court reinforce those requirements. Under Local Rule 41(a)(2), "[a]ctions brought on behalf of decedents' estates shall not be settled or compromised, or voluntarily discontinued, dismissed, or terminated, without application to and leave of [the c]ourt."[1]

---

[1] This rule requires that any "application to settle . . . include a signed affidavit or petition by the estate representative and a signed affidavit by the representative's attorney" detailing the circumstances underlying the settlement and the reasons it should be approved. Loc. R. Civ. P. 41(a)(2)(A). Carter-Sapp and her counsel have provided the required documents here. *See* Docket Items 58-1 and 58-2.

In deciding whether to approve a settlement in a wrongful death action, courts in this district "determine whether 'the proposed settlement is in the best interests of the estate and distributees.'" *Crout v. Haverfield Int'l, Inc.*, 348 F. Supp. 3d 219, 226 (W.D.N.Y. 2018) (quoting *Durlak v. Medtronic, Inc.*, 2012 WL 2838764, at *1 (W.D.N.Y. July 10, 2012)). To make that determination, courts weigh five factors:

> (1) the circumstances giving rise to the claim, (2) the nature and extent of the damages, (3) the terms of the settlement and amount of attorneys' fees and other disbursements, (4) the circumstances of any other claims or settlements arising out of this same occurrence, and (5) the plaintiff's statement of why [the plaintiff] believes this settlement is in the best interest of the estate and the distributees.

*Id.*

## **DISCUSSION**

After considering the factors outlined above and reviewing the parties' filings, particularly the sworn statements of Carter-Sapp and her counsel, Docket Items 58-1 and 58-2, this Court approves the proposed settlement.

The parties have agreed to settle this action, in which Carter-Sapp brings claims related to the wrongful death of her father, *see* Docket Item 1, for $25,000. Docket Item 58-4 at 2; Docket Item 58-1 at ¶ 9. It would be impossible for this Court—or anyone—to provide an exact account of damages here: As Carter-Sapp's counsel notes, "Sapp's life cannot properly be measured in economics." Docket Item 58-1 at ¶ 8.

As to the more mundane question of whether approval of this settlement is appropriate, however, the Court first notes that both sides have been assisted by experienced counsel and reached this agreement at arm's length and only after extensive litigation. *See* Docket Item 58-1 at ¶ 12 (statement of Carter-Sapp's attorney

3

describing the "labor that has gone into this case," which "include[d] but [wa]s not limited to legal and factual research, a review of the entire case file, deposition testimony of parties, negotiations with counsel, mediation efforts, and extensive conversations with" Carter-Sapp); Docket Item 58-2 at ¶¶ 4-5 (Carter-Sapp's describing her counsel's work on this case). In light of the risks and costs inherent in any lawsuit of this sort, courts will defer to the judgment of experienced counsel who negotiate at arm's length to reach an agreement beneficial to both sides. *See Crout*, 384 F. Supp. 3d at 226 (finding wrongful death settlement "negotiated by experienced counsel" to be "fair and appropriate" given "the costs and inherent risks to both sides of a jury trial and the benefits of reaching a final resolution"); *see also Leslie*, 2019 WL 573534, at *2 (finding settlement appropriate when "it [was] unclear that a larger verdict could be obtained . . . were the matter to proceed all the way through trial" and noting that "by settling the matter at this juncture the [a]dministratrix of the [e]state removes any uncertainty as to the outcome, and saves the [e]state . . . significant expense"). This Court will not second guess the parties' and their counsels' judgment.

In addition, the provision for attorney's fees here is reasonable. Based on the proposed settlement and the retainer agreement in this case, Carter-Sapp's counsel will receive one-third of the settlement amount—$8,333.33—in attorney's fees. Docket Item 58-2 at ¶¶ 2, 9; Docket Item 58-3 at 1; Docket Item 60 at 2. While a court is not "bound by the terms of such . . . [contingency fee] agreement[s]," it does "consider" them. *Crout*, 348 F. Supp. 3d. at 227. Further, under New York law, attorney's fees not exceeding one-third of the sum recovered in a wrongful death action are presumptively "reasonable." *See Est. of Marshall v. City of New York*, 2012 WL 2320764, at *2-3

4

(E.D.N.Y. June 19, 2012); *Gluck v. Sandelli*, 2022 WL 1556124, at *2 (S.D.N.Y. May 16, 2022); N.Y. Comp. Codes R. & Regs. tit. 22, § 1015.15(b) (2018).  This Court sees no reason to depart from that standard here.

## **CONCLUSION**

In sum, based on this Court's review of the underlying circumstances of this case, the statements of Carter-Sapp and her counsel in support of the settlement, and the applicable law, the proposed settlement, Docket Item 58-4, is fair and reasonable. The motion to approve the settlement, Docket Item 58, therefore is GRANTED, and the proposed settlement is APPROVED.

The defendants shall pay $25,000 to the Law Offices of Matthew Albert for distribution.  Of that sum, $8,333.33 shall be allocated to counsel as attorney's fees. The balance of the proceeds in the amount of $16,666.67 shall be placed into a trust account with no right of withdrawal until authorized by the Erie County Surrogate's Court.  All further proceedings in the estate of Jeffrey Sapp, including the entering of an "order of distribution of the net proceeds of the settlement," shall be completed in that court.  *See* Local Rule 41(a)(2)(D).

In light of the settlement, the motion for summary judgment filed by Fannan, Docket Item 50, is DENIED without prejudice is moot.  The Clerk of the Court shall close this case.

5

SO ORDERED.

Dated:   February 12, 2025
          Buffalo, New York


                                               */s/ Lawrence J. Vilardo*
                                               LAWRENCE J. VILARDO
                                               UNITED STATES DISTRICT JUDGE